**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

LEON RATLIFF,                   )
                                )
         Plaintiff,             )
                                )
    v.                          )      1:11CV284
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of Social   )
Security,[1]                    )
                                )
         Defendant.             )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Leon Ratliff, proceeding pro se, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of Defendant, the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Defendant filed a Motion to Dismiss (Docket Entry 9), seeking dismissal of Plaintiff's action as time-barred. Plaintiff filed documents entitled "Request to 'Persuit'" and "Supplement to Response" (Docket Entries 12, 13), Defendant replied (Docket Entry 14), and Plaintiff submitted additional materials entitled "Response to Supplements" (Docket Entries 15, 16), which

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, resulting in her substitution as Defendant, pursuant to Federal Rule of Civil Procedure 25(d).

this Memorandum Opinion will treat as part of Plaintiff's response in opposition to Defendant's instant Motion. For the reasons that follow, the Court should dismiss this action as untimely.

**PROCEDURAL HISTORY**

Plaintiff applied for DIB and SSI on February 1, 2005, alleging a disability onset date of December 16, 2004. (Docket Entry 10-1, ¶ 5(a); Docket Entry 13-1 at 5.) Upon denial of those applications both initially and on reconsideration, he requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Id.) The ALJ subsequently issued a decision on July 24, 2006, finding Plaintiff not disabled. (Docket Entry 10-1, ¶ 5(b); Docket Entry 13-1 at 5-15.) Plaintiff then requested review by the Appeals Council. (Docket Entry 10-1, ¶ 5(b).)

During the pendency of that Appeals Council review, Plaintiff filed second applications for DIB and SSI on August 29, 2006. (Id., ¶ 5(c).) On March 27, 2007, Plaintiff was found disabled as of July 25, 2006, the day after the ALJ's decision denying his first applications for benefits. (Id.) On July 11, 2008, the Appeals Council denied Plaintiff's request for review on his first applications and sent Plaintiff, by mail, notice of the denial and his right to commence a civil action within 60 days from the date of receiving the notice. (Id. at 11–14.)

On March 13, 2009, the Appeals Council received via facsimile a letter dated July 22, 2008, in which Plaintiff requested the reopening of his case, disputed the finding as to the date his disability began, and demanded back pay. (Id., ¶ 5(e) & at 17.) On April 27, 2009, the Appeals Council declined to reopen Plaintiff's case. (Id., ¶ 5(f) & at 19-20.) The notice further advised Plaintiff that he had no right to judicial review of the Appeals Council's decision declining to reopen his case. (Id.) On April 12, 2011, Plaintiff filed the instant action seeking judicial review of the denial of disability benefits on his first applications. (Docket Entry 2.)

## **DISCUSSION**

Defendant requests dismissal of the Complaint as untimely because Plaintiff filed it more than 60 days after his receipt of the final decision he seeks to challenge. (Docket Entry 10 at 2-5; Docket Entry 14 at 1-2.) This contention has merit.

"Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). The Commissioner has allowed some additional time for receipt of such notice: "Any civil action . . . must be

3

instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ]'s decision or notice of the decision by the Appeals Council is received by the individual . . . , except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c) (emphasis added). The regulations further presume that a claimant received the notice five days after the date of such notice, but permit rebuttal of this presumption via a "reasonable showing" of lack of receipt within five days. Id. If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice more than 60 days prior to filing the complaint in the district court. McMahan v. Barnhart, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)).

As documented above, the Appeals Council decision at issue in this case bears a date of July 11, 2008. Moreover, Defendant filed a declaration by James Jones, an employee of the Office of Disability Adjudication and Review, averring that the Appeals Council denied Plaintiff's request for review on July 11, 2008, and served notice of the denial "explain[ing] [his] right to ask for a court review within 60 days of receipt of the letter." (Docket Entry 10-1, ¶ 5(d) (citation omitted)). The notice also specifically informed Plaintiff (consistent with the applicable

regulation) that the Appeals Council would presume receipt five days after the date of the notice, but that Plaintiff could request an extension of time to file a civil action.  (Id. at 12–13.) Allowing five days for receipt, Plaintiff thus had until September 14, 2008, to seek judicial review.  However, Plaintiff did not institute this action until April 12, 2011, approximately two and a half years beyond the applicable deadline.  (Docket Entry 2.) Plaintiff makes no argument that he failed to receive the Appeals Council's denial of his request for review within the five-day presumptive period.  Moreover, Plaintiff does not contend that he requested an extension of time to file a complaint.  Under these circumstances, Plaintiff's Complaint qualifies as untimely.

The 60-day time period for seeking judicial review may, in some situations, fall subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 480 (1986).  In most cases, the Commissioner determines whether to extend the filing deadline, but a court may extend the period in cases "where the equities in favor of tolling . . . are 'so great that deference to the agency's judgment is inappropriate.'" Id. (citing Matthews v. Eldridge, 424 U.S. 319, 330 (1976)).  The Fourth Circuit has cautioned, however, that tolling the limitations period "will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986).  "[I]t is not the court's role simply to determine, as the Commissioner may, that

'good cause' exists to toll the 60-day limit. Rather, the court's equitable discretion to overlook [a] plaintiff's untimely filing should be exercised only when the equities tip significantly in favor of tolling." Hines v. Barnhart, No. 5:04-CV-726-FL, 2006 U.S. Dist. LEXIS 92398, at *18 (E.D.N.C. Jan. 25, 2006) (unpublished) (citing Bowen, 476 U.S. at 480). As noted in Hines, "Congress has delegated to the Commissioner the primary authority to waive the 60-day statutory limitations period . . . and courts should extend their equitable powers in contravention of this delegated authority 'only sparingly.'" Id. at *18-19 (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Here, Plaintiff contends an employee of the Social Security Administration ("SSA") misled him by stating that his second applications for benefits would "protect" his first applications and, if approved, would result in an award of benefits covering the time "it took to make a decision on" his first applications. (Docket Entry 2 at 2; Docket Entry 13 at 3.) This contention fails to warrant equitable tolling for two reasons.

First, Plaintiff has submitted nothing beyond his bare, unsworn assertion that an SSA employee misled him as to the impact of filing second applications for benefits. Moreover, the record demonstrates that Plaintiff's second applications did cover a large portion of the time his first applications remained pending on administrative review. (Docket Entry 10-1 at 7-9.) The SSA found

6

Plaintiff disabled on his second applications as of the day after the ALJ's unfavorable decision on his first applications, i.e., as of July 25, 2006. (Id. at 7.) After applying a mandatory five-month waiting period, the SSA deemed January 2007 Plaintiff's first month of benefit entitlement. (Id.) Thus, the SSA found Plaintiff eligible for benefits for a large portion of the time his first applications remained pending before the Appeals Council, i.e., from January 2007 through (and beyond) July 11, 2008. Plaintiff does not explain how such a result violated the SSA's regulations.

Second, and more importantly, even if an SSA employee misled Plaintiff as alleged, Plaintiff has failed to demonstrate how such a misrepresentation prevented him from timely filing the instant action for judicial review. Plaintiff does not argue that any SSA employee discouraged him from filing a request for extension of time or a complaint. Furthermore, on March 27, 2007, the SSA advised Plaintiff of the dates on which he became disabled and on which his benefits would commence. (Docket Entry 10-1 at 7-9.) Accordingly, when Plaintiff received the Appeal Council's denial of his request for review in July 2008, he already possessed notice of the benefits period covered by his second applications and should have detected any difference between the actual period of benefits awarded and that which he claims the SSA employee advised. Notwithstanding this knowledge, Plaintiff waited two and a half

years after the Appeals Council's denial to file his Complaint seeking judicial review of the first applications. (Docket Entry 2.)[2] Plaintiff does not allege any misleading conduct by the SSA after the March 27, 2007 notification of his benefits award.

In sum, the circumstances of this case do not justify equitable tolling.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 9) be granted and that this action be dismissed with prejudice.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                              **United States Magistrate Judge**

April 22, 2014

---

[2] Plaintiff's request in March 2009 that the Appeals Council reopen his case does not change the untimeliness of his Complaint. Even assuming that request to reopen restarted the 60-day limitations period, Plaintiff clearly waited well in excess of 60 days after the Appeals Council's April 27, 2009 denial of reopening to file his Complaint.